CALVIN E. JOHNSTON, plaintiff in error, *vs.* PETER PREER, defendant in error.

A bill in equity filed by A against B, alleging that A, B, C and D, having been partners in trade, did, in 1860, dissolve the partnership, have a full settlement and divide the assets: that in the division a mistake was made against A, by which the other three partners got of the assets $3,211 00 which properly belonged to A, and then praying that B be made to account for the one-fourth of said assets thus received by him, is demurrable because the other partners are not joined.

Equity. Parties. Partnership. Before Judge JAMES JOHN-SON. Muscogee Superior Court. November Term, 1873.

Johnston filed his bill against Preer, making, in substance, the following case:

On April 1st, 1856, complainant, James K. Redd, William Redd, Jr., and defendant, formed a partnership under the name of Redd, Preer & Company, for the purpose of doing a general grocery and commission business in the city of Columbus. They were equal partners. William Redd, Jr., kept the books. They dissolved, and had a final division of the assets of the firm on April 1st, 1860. By the balance sheet then presented by the book-keeper complainant was entitled to receive $8,172 48. In this calculation, as complainant has since discovered, there was a mistake of $3,211 84 against him. He at once notified said partners and each one promptly admitted the error, and promised to pay to him one-fourth of the amount last aforesaid. But on or about the 1st of Au-

Heard *vs.* Callaway.

gust, 1873, the defendant notified him that he would not pay to him his proportion. Wherefore complainant files this bill praying a correction of said mistake, and that the defendant be decreed to pay to him one-fourth of the sum last aforesaid, to-wit : $802 96.

Upon demurrer filed, said bill was dismissed for want of proper parties. To which ruling complainant excepted.

INGRAM & CRAWFORD, for plaintiff in error.

PEABODY & BRANNON, for defendant.

McCAY, Judge.

Were the allegations here to the effect that the assets divided were cash, and the mistake against the complainant a cash item, I am not clear that the bill against one of the partners would not be good, though in this case, perhaps, an action at law would be the proper remedy, since the case might be considered a simple case of an action to recover back money received under a mistake of fact. But it appears that the thing divided was assets, and it does not appear that the mistake made against plaintiff was a cash item. If the things divided were goods, notes or debts, it would be unfair to unsettle the adjustment made at the time without an inquiry into the value and results of what each got. To do this all should be parties, so that equity and justice may be done to all.

Judgment affirmed.